



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed February 3, 2016**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BARDIN PROFESSIONAL CENTER, LP, | § | Case No. 15-42232-MXM-11 |
| LANDMARK HOLDINGS, L.P., | § | |
| | § | Jointly Administered |
| Debtors. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING MOTION FOR DETERMINATION THAT FIRST PLAN
MODIFICATIONS DO NOT ADVERSELY AFFECT ANY ACCEPTING CREDITOR
THAT HAS NOT ACCEPTED THE MODIFICATIONS IN WRITING**

On this day came on for consideration the *Motion for Determination That First Plan Modifications Do Not Adversely Affect Any Accepting Creditor That Has Not Accepted the Modifications in Writing* [Docket No. 97], filed on January 28, 2016 (the "**First Plan Modification Motion**") by Landmark Holdings, L.P. (the "**Plan Proponent**"). The Court, after noting that due notice of the First Plan Modification Motion had been given to all parties-in-interest at the Confirmation Hearing and after the consideration of the evidence submitted and

the arguments of counsel during the confirmation hearing makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Adequate information was contained in *Debtor Landmark Holdings, L.P.'s First Amended Disclosure Statement* (the "**First Amended Disclosure Statement**") in this case as set forth in Section 1125 of the Code.

2. The *Debtor Landmark Holdings, L.P.'s First Amended Plan of Reorganization* (the "**First Amended Plan of Reorganization**") was not modified in such a manner that either classification or treatment of any creditor that voted to accept the Plan was materially altered in an adverse manner.

3. The First Plan Modification Motion does not cause a material adverse change to the treatment of any class of creditors or interests that voted to accept the Plan, but which has not accepted the First Plan Modifications in writing.

4. Notice sent to the twenty (20) largest creditors and those requesting notice is sufficient notice for modifications that do not cause a material adverse change to the treatment of creditors or interest holders which voted to accept the Plan.

## CONCLUSIONS OF LAW

1. The First Amended Plan of Reorganization, as modified, does not violate Sections 1122 and 1123 of the Code.

2. The First Amended Plan of Reorganization, as modified, meets all of the requirements of Section 1129 of the Code.

3. The Plan Proponent meets the qualifications of Section 1125 of the Code by virtue of the First Amended Disclosure Statement.

4. All creditors and interest holders who voted in favor of the First Amended Plan of Reorganization are deemed to have accepted the First Plan Modifications.

### # # #  END OF ORDER  # # #

**SUBMITTED BY:**

E. P. Keiffer (SBN 11181700)
**COATS | ROSE, P.C.**
325 N. St. Paul Street, Suite 4150
Dallas, TX 75201
(214) 651-6500
(214) 744-2615 fax
pkeiffer@coatsrose.com

ATTORNEY FOR LANDMARK HOLDINGS, L.P.