



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 3, 2016**

_____

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BARDIN PROFESSIONAL CENTER, LP, | § | |
| LANDMARK HOLDINGS, L.P., | § | Case No. 15-42232-MXM-11 |
| | § | |
| Debtors. | § | Jointly Administered |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING CONFIRMATION OF DEBTOR LANDMARK HOLDINGS, L.P.'S
FIRST AMENDED PLAN OF REORGANIZATION, AS MODIFIED**

Came on to be considered on the 2nd day of February, 2016, the confirmation hearing (the "**Confirmation Hearing**") with regard to *Debtor Landmark Holdings, L.P.'s First Amended Plan of Reorganization* [Docket No. 88] (the "**First Amended Plan**") filed by Landmark Holdings, L.P. ("**Debtor**") in the instant bankruptcy case on December 21, 2015, as modified by the *First Modifications to Debtor Landmark Holdings, L.P.'s First Amended Plan of Reorganization* [Docket No. 99] (the "**First Plan Modifications**") filed on January 27, 2016 and approved by this Court by separate order such that the First Amended Plan includes and

incorporates the First Plan Modifications and shows the effect of the election of Counsel Financial Services, LLC ("**Counsel Financial**") and its acceptance of the compromise with the Debtor as detailed therein as well as the minor revisions to I.M. Medlin's treatment in Section 3.08, (collectively the "**Final Plan**") (an integrated version of which is Exhibit "A" to the Confirmation Order). During the Confirmation Hearing, the Court considered the withdrawal of the objection raised by IM Medlin, LLC ("**IM Medlin**"), the changing of its vote to a vote in favor of the Final Plan, the evidence presented and the argument of counsel. The following Findings of Fact and Conclusions of Law are entered pursuant to Federal Rules of Bankruptcy Procedure 9052 and 9014 in support of the confirmation of the Final Plan. Such findings may be characterized as conclusions or conclusions as findings, where appropriate.

## FINDINGS OF FACT

1. **Due and Sufficient Notice**. Notice of the Confirmation Hearing was appropriate and complied in all respects with Bankruptcy Rule 2002(b).

2. **Plan Compliance - Bankruptcy Code Section 1129(a)(1)**. The Final Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

3. **Proponent Compliance - Bankruptcy Code Section 1129(a)(2)**. The Debtor has complied with the applicable provisions of the Bankruptcy Code.

4. **Good Faith - Bankruptcy Code Section 1129(a)(3)**. The Final Plan has been proposed in good faith under Section 1129(a)(3) by the Debtor and not by any means forbidden by law and the Debtor and its counsel are entitled to the protections of Section 1125(e).

5. **Payments - Bankruptcy Code Section 1129(a)(4)**. Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Final Plan or case have been approved by or are subject to the approval of this Court.

6.      **Disclosures - Bankruptcy Code Section 1129(a)(5)**. The Debtor has disclosed the identity and affiliations of the people who will serve as the officers and directors (or equivalents) of the Reorganized Debtor ("**RD**") post-confirmation as well as the nature of their compensation.

7.      **No Rate Change Jurisdiction - Bankruptcy Code Section 1129(a)(6)**. No governmentally regulated rates are involved in these cases.

8.      **Best Interests of Creditors - Bankruptcy Code Section 1129(a)(7)**. With respect to the impaired classes of claims or interests, all holders of a claim or interest of such classes has accepted the Final Plan or will receive or retain under the Final Plan on account of such claim or interest in property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

9.      **Acceptance of the Plan - Bankruptcy Code Section 1129(a)(8)**. The classes have voted to accept or reject the plan as follows:

   a.   Classes 1, 2, 3 and 4 are impaired and have voted to accept the Final Plan.

   b.   Classes 5 and 6, on account of the elections of Counsel Financial, are unimpaired and are deemed to accept the Final Plan.

10.     **Priority Claims - Bankruptcy Code Section 1129(a)(9)**. Claims entitled to priority under 11 U.S.C. § 507(a)(1)-(7) will be paid in accordance with Bankruptcy Code or as per the agreed to provisions of the Final Plan.

11.     **Class Acceptance - Bankruptcy Code Section 1129(a)(10)**. At least one class of claims against the Debtor that is impaired under the Final Plan has accepted the Final Plan, determined without including any acceptance of the Final Plan by any insider.

12. **Feasibility - Bankruptcy Code Section 1129(a)(11)**. The Final Plan is feasible and confirmation of the Final Plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtor except where liquidation is required by the Final Plan.

13. **Fees - Bankruptcy Code Section 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930 have been paid or the Final Plan provided for the payment of such fees on the Plan Closing Date.

14. **Retiree Benefits - Bankruptcy Code Section 1129(a)(13)**. There are no retiree benefits involved in this case.

15. **Domestic Support - Bankruptcy Code Section 1129(a)(14)**. No domestic support obligations are involved in this case.

16. **Individual Debtor – Bankruptcy Code Section 1129(a)(15).** Section 1129(a)(15) is not applicable to this case because Debtor is not an individual.

17. **Transfer of Property - Bankruptcy Code Section 1129(a)(16)**. Any transfer required under the Final Plan (including applicable assignments of assumed executory contracts to the RD) meets the requirements of Section 1129(a)(16).

18. **Secured Creditor Cramdown Requirements – Bankruptcy Code Section 1129(b)(2)(A)**. All classes of secured creditors accepted the Final Plan.

19. **Unsecured Creditor Cramdown Requirements – Bankruptcy Code Section 1129(b)(2)(B)**. The unsecured creditors under the Final Plan are unimpaired.

20. **Interest Holder Cramdown Requirements – Bankruptcy Code Section 1129(b)(2)(C)**. The interest holders under the Final Plan are unimpaired.

## CONCLUSIONS OF LAW

I.  The Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A)-(L), and (O).

II.  The Final Plan complies with all of the applicable provisions of Title 11 of the United States Bankruptcy Code.

III.  The Plan Proponent has complied with the applicable provisions of the Bankruptcy Code in proposing the Final Plan.

IV.  These findings and conclusions supplement those made by the Court on the record at the conclusion of the confirmation hearing.

V.  All conclusions of law contained in the Confirmation Ruling are fully incorporated herein.

### # # #  END OF ORDER  # # #

**SUBMITTED BY:**

E. P. Keiffer (SBN 11181700)
**COATS | ROSE, P.C.**
325 N. St. Paul Street, Suite 4150
Dallas, TX 75201
(214) 651-6500
(214) 744-2615 fax
pkeiffer@coatsrose.com

ATTORNEY FOR LANDMARK HOLDINGS L.P.